UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IAN L. RAWLS, )
)
        Plaintiff, )
)
                        )    CAUSE NO. 3:14-CV-1794 RM
   v. )
)
LaPORTE COUNTY JAIL, *et al.*, )
)
        Defendants. )

## OPINION AND ORDER

Ian L. Rawls, a *pro se* prisoner, filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

Mr. Rawls's complaint raises both medical treatment issues and financial issues. Though his medical treatment issues state a claim, his financial issues do not. He says he was charged when he was seen by healthcare workers. This doesn't state a claim because the Constitution does not require free medical care, Poole v. Isaacs, 703 F.3d 1024, 1027 (7th Cir. 2012). He also says he was charged for medication that he didn't want or need. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing

due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) and Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). The State of Indiana provides such a procedure, so the financial issues raised in this complaint don't state a claim.

Mr. Rawls also alleges that Nurse Sandy Harris and Dr. Walden Cooke denied him medical treatment. He alleges that since he first notified Nurse Harris about his painful, swollen finger on July 16, 2014, she prevented him from seeing the doctor for seventeen days and refused to provide him with medical treatment. He alleges that when he saw Dr. Cooke, the only treatment prescribed was to soak it in hot soapy water. He also alleges that Dr. Cooke had previously cancelled various medications that he needed and was taking before he entered the jail.

At the time of these events, Mr. Rawls was a pre-trail detainee at the jail. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Mere disagreement with a medical professional doesn't state a claim, Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence don't state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). Though it's unclear whether Mr. Rawls can ultimately prove that either Nurse Harris or Dr. Cooke violated the Fourteenth Amendment, giving him the benefit of the inferences to which he is entitled at this stage of the proceeding, he has plausibly made such an allegation.

Finally, Mr. Rawls names the LaPorte County Jail as a defendant. The Jail is a building – it is not a suable entity. *Cf.* Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). The LaPorte County Jail will be dismissed.

For the foregoing reasons, the court:

    (1) GRANTS Ian L. Rawls leave to proceed against Dr. Walden Cooke in his individual capacity for compensatory damages for denying him medical treatment by cancelling his needed medications in violation of the Fourteenth Amendment;

    (2) GRANTS Mr. Rawls leave to proceed against Nurse Sandy Harris and Dr. Walden Cooke in their individual capacities for compensatory damages for denying

him medical treatment for his painful, swollen finger in violation of the Fourteenth Amendment;

(3) GRANTS Mr. Rawls leave to proceed against Dr. Walden Cooke in his official capacity for injunctive relief to obtain medical treatment by healthcare providers outside of the LaPorte County Jail;

(4) DISMISSES all other claims;

(5) DISMISSES the LaPorte County Jail as a defendant;

(6) DIRECTS the clerk to transmit the summons and USM-285 for Nurse Sandy Harris and Dr. Walden Cooke to the United States Marshals Service along with a copy of the amended complaint (DE 12) and this order;

(7) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Sandy Harris and Dr. Walden Cooke; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Sandy Harris and Dr. Walden Cooke to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: November  13 , 2014

                                              /s/ Robert L. Miller, Jr.
                                              Judge,
                                              United States District Court